UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| RONNIE LEE CRISP, *pro se*, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | No. 3:12-CV-360 |
| ) | (VARLAN/SHIRLEY) |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding disposition. Now before the Court is Defendant's Motion to Dismiss [Doc. 7]. For the reasons stated herein the undersigned will **RECOMMEND** that the Motion to Dismiss be **GRANTED**.

**I.     BACKGROUND**

On July 29, 2010, an Administrative Law Judge issued a decision denying Plaintiff's claim for benefits under Titles II and XVI of the Social Security Act (Act), and mailed a copy of the decision to Plaintiff. [Doc. 8 at ¶ 3(a)]. Thereafter, Plaintiff requested review of the decision. [Id.]. On April 17, 2012, the Appeals Council sent Plaintiff a notice, denying his request for review of the ALJ's decision. [Id.] The notice informed Plaintiff of the right to commence a civil action within sixty days from the date of the receipt of the notice. [Doc. 8 at ¶ 3(a)]. Additionally, the notice advised Plaintiff that he could ask the Appeals Council to extend the

time to file a civil action if he could not file a complaint within sixty days. [Doc. 8-2]. The Appeals Council has no record of Plaintiff making any request for an extension of time to file a civil action. [Doc. 8 at ¶ 3(b)].

On July 16, 2012, Plaintiff filed a Complaint against the Social Security Administration, alleging discrimination because he had "Been waiting 5 yrs. Still haven't received any monies. Could it be because I'm Native American?" [Doc. 2 at ¶ 1]. Plaintiff further demands "$20,000 per year for my pain and suffering for 5 years" and "$ 3,000,000. . . for his family having to live like beggars" and for what [he has] "lost or sold." [Id. at ¶ 5]. The Complaint appears to be an action to obtain judicial review of the final decision of the Commissioner denying Plaintiff's application for disability insurance benefits under Title II of the Act, 42 U.S.C. § 405(g) and Supplemental Security Income under Title XVI of the Act, 42 U.S.C. § 1383(c)(3). However, because the demand for relief lists compensation for "pain and suffering," Plaintiff may also be attempting to set forth a tort claim.

**II.    POSITIONS OF THE PARTIES**

The Commissioner argues that this case should be dismissed pursuant to both Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The Commissioner first argues that the case should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction because the Plaintiff failed to file an administrative tort claim prior to instituting suit in federal district court, as required by the Federal Tort Claims Act 28 U.S.C. §§ 1346(b), 2675(a).

Second, the Commissioner argues that the suit should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The Commissioner

maintains that the Plaintiff has not stated a claim up which relief can be granted because his Complaint was untimely in that it was filed more than sixty days after receipt of the Commissioner's notice denying Plaintiff's request for review.

The Plaintiff has not responded in opposition to the Commissioner's Motion to Dismiss, and the time for responding has expired, see E.D. Tenn. L.R. 7.1, Fed. R. Civ. P. 6(d), 5(b)(2)(E).

### III. ANALYSIS

The Court will address each basis for granting the Motion to Dismiss in turn.

### A. Failure to Respond in Opposition

Initially, the Court finds that the Plaintiff has not objected to the Commissioner's Motion to Dismiss, and the Court finds that the Motion to Dismiss could be granted on this basis alone.

Pursuant to Local Rule 7.2, "Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought." E.D. Tenn. L.R. 7.2; see also Campbell v. McMinn County, Tenn., 2012 WL 369090 (E.D. Tenn. 2012) (Curtis, C.J.) ("Plaintiff's failure to respond effectively waives any objections that he may have had on this matter.").

In this case, the Commissioner filed her Motion to Dismiss on October 26, 2012. Under the Local Rules and Federal Rules of Civil Procedure, the Plaintiff would normally have twenty-one days to respond to the dispositive motion, with three additional days added for mailing. In this case, just short of five months have passed since the filing of the dispositive motion, and the Plaintiff has failed to respond. The Court can assuredly say that the Plaintiff has been afforded an adequate time to respond to the Commissioner's Motion to Dismiss and has not done so.

3

### B. Failure to State a Claim Upon Which Relief Can Be Granted

In addition, the Court finds that the Plaintiff has failed to state a claim as to his Social Security appeal because he did not file his appeal within the time allotted by statute.

In pertinent part, 42 U.S.C. § 405(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides . . .

The Commissioner, by regulation, has interpreted "mailing" to mean the date of receipt by the individual of the Appeals Council's notice of denial of request for review. 20 C.F.R. § 422.210(c); see also 20 C.F.R. § 404.981. The date of receipt is presumed to be five days after the date of such notice, unless there is a reasonable showing to the contrary made to the Appeals Council. See 20 C.F.R. §§ 404.901, 422.210(c). The Commissioner has interpreted this provision to mean that a complaint is timely if it is filed within sixty-five days of the date on the Appeals Council notice. See also 20 C.F.R. §§ 404.901, 404.981, 422.210(c).

In this case, the Court finds that the Plaintiff did not timely file his Complaint under 28 U.S.C. §405(g). The notice is dated April 17, 2012. [Doc. 8-2]. The Commissioner has submitted an Affidavit attesting to the same. [Doc. 8 at ¶ 3]. The Court finds the sixty-day period, including the five additional days, for commencing a civil action expired on June 22, 2012. Plaintiff did not file his civil action until July 16, 2012. The Court finds that the Plaintiff did not file his Complaint within the time allotted by 42 U.S.C. § 405(g), he has not shown an excusable neglect for not doing so, and therefore, he is unable to "obtain a review of such decision by a civil action," under 42 U.S.C. § 405(g). See Hickman v. Astrue, 2011 WL

4

4832562 (Sept. 20, 2011).

Accordingly, the Court finds that, with regard to his Social Security appeal, the Plaintiff has failed to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**B.      Lack of Agency Review and Resulting Lack of Subject Matter Jurisdiction**

With regard to Plaintiff's possible tort claims, the Court finds that the Court lacks jurisdiction to adjudicate these claims. In pertinent part, the Federal Tort Claims Act, 28 U.S.C. § 2675 provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). In this case, the Plaintiff has not demonstrated that he has exhausted agency review prior to bringing what appear to be tort claims to this Court. Without agency review, the Court lacks subject matter jurisdiction, and accordingly, these claims should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## IV. CONCLUSION

Based upon the foregoing, the undersigned **RECOMMENDS**[1] that the District Judge **GRANT** the Commissioner's Motion to Dismiss **[Doc. 7]**.

Respectfully Submitted,

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).